Judge Robertson
delivered the opinion of .the Court.
The only question necessary to be decided in this case is, whether a Qui tam suit can be maintained by an individual for his own use, and that of the Trustees of a county seminary, to recover the penalty of $500 forfeited by challenging to single combat.
There is no doubt that Qui tam is the proper and only action in such a case. But we cannot admit that it can be maintained in the name of a seminary or its Trustees. The commonwealth should be a party.
The duelling act vests one moiety of the fine in the commonwealth; and the-act appropriating certain fines and forfeitures to certain seminaries, does not vest the legal right in the Trustees until the collection and payment to them of the fines. We think that a fair construction of all the provisions of the act will authorise no other conclusion; and this opinion is fortified by the section which directs a motion by the *15 clerk of the trustees, in tbe name of the commbnwe dth, against any officer of the law who may have Collected and failed to pay over any fine, which the seminary has a right to receive.
Davis and Triplett for plaintiff; Hanson, for defendant.
We are too, inclined to the opinion that no fines are appropriated to seminaries, except such as are'wholly payable to the commonwealth, or in diminution of county levies. -A moiety of a fine is not the.fine; the expression fine and forfeiture, eco vi termini, means a totality: it cannot be considered a fraction of an entire penalty.
As therefore, tbe suit and .judgment in this case are in favor of Daniel for his own use and that of the trustees of the Montgomery Academy, the judgment must be reversed and the cause remanded, to be disposed of as the principles of this opinion require.